THE STATE, Respondent, v. KEMPF *et al.*, Appellants.

1. The fact that three or more persons, acting in concert, should jointly beat and wound another, raises no presumption of law that they assembled with the intent, or that being assembled they agreed, mutually to assist one another to inflict such wounds, within the meaning of the third section of the St. Louis riot act. (Sess. Acts, 1855, p. 455.)

*Appeal from St. Louis Criminal Court.*

The second instruction, referred to in this opinion of the court, is as follows: "2. It is not necessary to a conviction that the jury should believe that there was an express*ed* intent or agreement to beat and wound Meyer as alleged; but if the jury believe that the defendants, with one or more others, acted in concert and jointly inflicted the wounds on Meyer as alleged, or that one of the above named defendants inflicted said wounds, and that the other defendant, with one or more others, were then present aiding and abetting and countenancing the one inflicting such wounds, then in such case the law presumes that they assembled with the intent,

28—VOL. XXVI.

or having assembled did agree, mutually to assist one another to inflict such wounds, and so you should find."

*Harnett*, for appellant.

*Mauro*, (circuit attorney,) for the State.

RICHARDSON, Judge, delivered the opinion of the court.

This indictment is framed under the act, specially applicable to St. Louis county, to prevent riots and breaches of the peace, (Sess. Acts, 1855, p. 455,) the third section of which is not materially different from the 6th section of the general law (R. C. 1855, p. 618), except as to the degree of punishment. To constitute a riot under the third section of the local act, it is necessary that at least three persons shall assemble together with the intent, or being assembled shall agree, mutually to assist one another, to do any unlawful act, with force or violence, against the person or property of another, or against the peace, or to the terror of the people, and shall proceed to carry out their purpose, or do any unlawful act, in furtherance thereof, in a violent, unlawful or tumultous manner, to the terror or disturbance of peaceable citizens. If any number of persons meet together on a lawful occasion and on a sudden quarrel engage in a fight, they are not guilty of a riot, but of a sudden affray only ; (1 Hawk. P. C. 541 ; 1 Russ. on Cr. 268 ;) and to constitute a riot the common intent of at least three persons to do any unlawful act must exist, either at the time of their assembling, or be formed with the agreement of mutual assistance after they have assembled. It is of course not necessary to prove any formal or express agreement or intent ; but it may be inferred from circumstances, and is a question of fact for the jury. But the bare fact that three or more persons in a violent manner beat another does not raise the presumption of law that they assembled with that intent, or, after being assembled, agreed mutually to assist one another in executing such a purpose ; for if the law from such conduct deduced the inference, either as a conclusive or disputable

presumption, that the intent existed which is a necessary ingredient in a riot, there would be no distinction between riots and affrays. The second instruction was therefore improperly given; and the judgment will be reversed and the cause remanded; the other judges concur.